IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| | | |
|---|---|---|
| MARIEPAUL ANTOINE, et al., | : | |
| | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| VIRGIN ISLANDS PORT AUTHORITY, | : | NO.  2001/63 |
| VIRGIN ISLANDS CEMENT AND BUILDING | : | |
| PRODUCTS, INC., BARNES AND | : | |
| ASSOCIATES, INC., and LPA GROUP, INC., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

BUCKWALTER, S.J.                                                    July 22, 2008

Currently pending before the Court is Plaintiffs' Motion to Reconsider Order Dismissing

Plaintiff Jonathan Johnson Without Prejudice and the Response of Defendant Virgin Islands Port

Authority ("VIPA").  For the reasons which follow, the Court grants the Motion for

Reconsideration.

I.      **FACTUAL BACKGROUND**

The current action involves a lawsuit by multiple Plaintiffs, who are tenants, residents and/or

owners of various plots at Estate Paradise ("Yellow Cedar") in St. Croix, U.S. Virgin Islands.  The

suit alleges damages in the form of noise and dust contamination resulting from the various

Defendants' activities at an airport runway expansion project in the Virgin Islands.

On February 11, 2008, counsel for Defendant VIPA filed a Notice of Death for Plaintiffs

Beletha Johnson and Jonathan Johnson.  As no motion for substitution was filed within ninety days

of the Notice, VIPA moved, on May 16, 2008, to dismiss the two decedents as plaintiffs.[1]  By way

of a May 28, 2008 Request for Extension of Time to Respond to the Motion to Dismiss, Plaintiffs'

counsel alerted the Court to an alleged deficiency of the Notice of Death due to VIPA's failure to

serve it on the decedents' representatives.  Plaintiffs' counsel further indicated that, to date, he had

been unable to locate the representatives of the two estates.  On June 16, 2008, without receiving

Plaintiffs' responsive pleading, this Court dismissed deceased Plaintiffs Beletha Johnson and

Jonathan Johnson without prejudice for failure to substitute a successor or representative within

ninety days, as required by Federal Rule of Civil Procedure 25(a)(1).

In the interim, on June 11, 2008, the Virgin Islands Superior Court granted the petition of

Anthony Johnson to be appointed as personal representative of the estate of Jonathan Johnson for

the purpose of pursuing his claim in this pending litigation.  On June 30, 2008, Plaintiffs moved this

Court for reconsideration of the Order dismissing Jonathan Johnson without prejudice.[2]  The Court

now turns to the substance of this motion.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 provides that a party may bring a motion for

reconsideration within ten days of the entry of the judgment. FED. R. CIV. P. 59(e).  "Because

federal courts have a strong interest in the finality of judgments, motions for reconsideration should

be granted sparingly." Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa.

1995). The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to

present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1986).

---

[1]  Defendants V.I. Cement and LPA subsequently joined this motion.

[2]  Although the Court's June 16, 2008 Order dismissed both Beletha Johnson and
Jonathan Johnson, Plaintiffs' Motion for Reconsideration focuses solely on Jonathan Johnson.

2

Such a motion must therefore rely on one of three grounds:  (1) an intervening change in controlling law; (2) new evidence, which was not previously available; or (3) correction of a clear error of law or prevention of manifest injustice.  United Lawn Mower Sales & Service, Inc. v. Hagel, Civ. A. No. 95-6157, 1997 WL 327564, at *2 (E.D. Pa. June 12, 1997); Smith v. City of Chester, 155 F.R.D. 95, 96-97 (E.D. Pa. 1994).  "With regard to the third ground . . . any litigant considering bringing a motion to reconsider based upon that ground should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant."  Reich v. Compton, 834 F. Supp. 753, 755 (E.D. Pa. 1993) (quotations omitted), aff'd in part, rev'd in part, 57 F.3d 270 (3d Cir. 1995).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."  Moyer v. Italwork, Civ. A. No. 95-2264, 1997 WL 312178, at *3 (E.D. Pa. June 3, 1997) (quotations omitted).  In other words, such a motion is "not properly grounded on a request that a court rethink a decision it has already made."  Tobin v. Gen. Elec. Co., Civ. A. No. 95-4003, 1998 WL 31875, *2 (E.D. Pa. Jan. 27, 1998).

## III.   DISCUSSION

Plaintiffs argue that the Notice of Death filed by Defendant VIPA in February of 2006, did not trigger the ninety-day limitations period of Federal Rule of Civil Procedure 25(a)(1) because counsel for VIPA failed to serve the non-party successor or personal representative for the estate of deceased Plaintiff Jonathan Johnson.  VIPA counters that it had no obligation, under Rule 25, to serve Plaintiffs' successor and that service upon Plaintiffs' counsel was sufficient.

Federal Rule of Civil Procedure 25(a) states:

**(a) Death.**

   **(1) *Substitution if the Claim Is Not Extinguished.*** If a party dies and the

3

claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

**(2) *Continuation Among the Remaining Parties.*** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

**(3) *Service.*** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

FED. RULE CIV. P. 25(a).

Under the plain language of this Rule, two contingencies must occur for the 90-day period to commence. First, the notice of death must be made upon the record. Id.; Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); Grandbouche v. Lovell, 913 F.2d 835, 836-37 (10th Cir. 1990). Second, the suggestion of death must be served upon the parties, as provided in Rule 5, and upon "nonparties," as provided in Rule 4. FED. R. CIV. P. 25. Most courts – as well as the parties to this case – have construed this language to impose a general obligation on the noticing party to serve the notice of suggestion of death upon the deceased's successor. Bass v. Attardi, 868 F.2d 45, 50 n.12 (3d Cir. 1989) (finding the suggestion of death deficient "because the suggestion was not served on the decedents' successors or representatives as required by Fed. R. Civ. P. 25(a)(1)."); see also Barlow, 39 F.3d at 233; Grandbouche, 913 F.2d at 837; Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir.1985); United States. v. Seventy-One Firearms, Civ. A. No. 04-402, 2006 WL 1983240, at *2 (D. Nev. Jul. 13, 2006); U.S. v. Approximately $14,173.00 in U.S. Currency, Civ. A.

4

No. 04-1495, 2006 WL 449100, at *1 (E.D. Cal. Feb. 21, 2006).[3]

The parties differ, however, on the issue of whether a *defendant* who files a notice of death for a *deceased plaintiff* is obligated to identify and serve the deceased plaintiff's successor or representative. Defendant argues that the fundamental purpose underlying the rule of service on a successor is to protect a plaintiff when a deceased defendant's counsel strategically files a notice of death for his own client without filing a motion for substitution, thereby transferring the responsibility for substitution to the plaintiff. See Rende v. Kay, 415 F2d 983, 986 (D.C. Cir. 1969) (noting that the requirement that the suggestion of death be served on decedent's representative is to avoid the situation where defendant decedent's attorney files notice of death and then places burden on plaintiff to locate representative within ninety days or otherwise face having his case dismissed). Defendant goes on to contend that the same concerns are not present where a defendant's attorney files a notice of death for a deceased plaintiff since plaintiff's counsel is in the best position to know of his client's proper successor. In support of this proposition, Defendant cites to a series of cases within the Second Circuit declining to interpret Rule 25 to require that a noticing defendant serve a deceased plaintiff's representative. See Steward, 2007 WL 2693667, at *4 (finding that a defendant who filed a notice of death for a deceased plaintiff did not need to serve the deceased plaintiff's

---

[3] A line of cases interprets Rule 25(a) to impose no requirement on the party filing the notice of suggestion of death to identify the decedent's successors or heirs. See, e.g., Unicorn Tales, Inc., 138 F.3d at 467, 470 (2d Cir. 1998) (Rule 25 does not require that a suggestion of death identify a successor or legal representative); Steward v. City of New York, Civ. A. No. 04-1508, 2007 WL 2693667, at *4 (E.D.N.Y. Sep. 10, 2007) ("There is no language in Rule 25 suggesting that 'non-parties' means 'successors' or that the reference to non-parties is meant to require service on a decedent's successors or heirs."); Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 600 (D. Kan. 2000) ("the rule does not require that the non-party be named in the suggestion of death, or that the certificate of service reflect the service of a non-party.). For purposes of this motion, however, VIPA concedes that there is adequate case law to support the proposition that a suggestion of death must be served upon the personal representative of the decedent as a "non-party," as provided in Rule 4. (Def. Mem, Opp. Mot. Recon. 2.)

successor or representative in order to trigger the ninety-day period in Fed. R. Civ. P. 25(a)); Chobot v. Powers, 169 F.R.D. 263, 267 (W.D.N.Y. 1996) ("In the instant case, the statement of death was filed by Defendants and the court finds that Defendants, as the surviving party, were not required to identify the representative of [plaintiff's] estate in the statement of death, as such a requirement would be unduly burdensome."); Yonofsky v. Wernick, 362 F. Supp. 1005, 1011-12 (S.D.N.Y. 1973) ("In the case at bar, it was defendant who suggested the death of plaintiff. He did so only two days after the plaintiff died. . . . Under these circumstances it would be difficult for defendant to know whom else to serve beside plaintiff's former counsel.")

Defendant's position as set forth in these Second Circuit cases, however, clearly falls within the minority interpretation of Rule 25(a). Most of the courts to reach this issue have more broadly construed the service requirement and found that where defendant's counsel files a notice of death for a deceased plaintiff, he must serve the decedent's successor or, at minimum, undertake a good faith effort to identify an appropriate representative. For example, in Fariss v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985), the Fourth Circuit, facing a similar factual scenario to the case at bar, noted that "[t]he nonparties for whom Rules 25(a)(1) and 4(d)(1) mandate personal service are evidently the 'successors or representatives of the deceased party.'" Id. at 962. The court went on to hold that "[s]ervice on decedent's attorney alone was inadequate" because, under the Restatement (Second) of Agency, the attorney's agency to act ceased with the death of his client." Id. (citing RESTATEMENT (SECOND) OF AGENCY § 120(1) (1958)). "Because the attorney is neither a party, nor a legal successor or representative of the estate, he has no authority to move for substitution under Rule 25(a)(1)." Id. The court did not find the requirement of personal service on the successor or representative to be an "onerous burden" and concluded that "it is generally appropriate to require

the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." Id.

Similarly, in Grandbouche v. Lovell, the plaintiff died and the defendant filed a notice of death, but failed to serve it on plaintiff's representative. 913 F.2d 835, 836 (10th Cir. 1990). The district court dismissed plaintiff's action due to the failure of plaintiff's representative to seek substitution within ninety days. Id. The Tenth Circuit reversed, noting that "[w]hile service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed. R. Civ. P. 4." Id. at 837. Because the personal representative of the decedent's estate had not received service of any purported suggestion of death, the court found that the ninety-day limitations period had not begun to run. Id.

Numerous other federal courts have similarly imposed at least some burden on the noticing defendant to either locate, notify or serve the deceased plaintiff's successor in order to trigger the ninety day limitations period of Fed. R. Civ. P. 25(a). See, e.g., Grunberg v. Maricopa County Sheriff's Office, Civ. A. No. 06-3917, 2008 WL 2001253, at *2 (D. Ariz. May 7, 2008) (recognizing that defendants who file notice of death for deceased plaintiff are "required to take on some burden in locating [p]laintiff's representative or successor."); Edwards v. Joseph, Civ. A No. 05-1206, 2007 WL 2344976, at *1 (E.D. Wis. Aug. 15, 2007) (noting that a defendant who files suggestion of death for a deceased plaintiff whose successor is unknown must, at a minimum, comply with Rule 25(a) and Rule 5 by serving the plaintiff at his last known address); Inglis v. Buena Vista Univ., 235 F. Supp. 2d 1009, 1029-30 (N.D. Iowa 2002) (interpreting Rule 25 to

require the suggesting party to serve other parties and nonparty successors or representatives of the deceased with a suggestion of death, and finding that defendant's service of the suggestion on plaintiff's former counsel and local counsel did not trigger the ninety-day limitations period); Stanford v. Paulk, Civ. A. No. 05-79, 2006 WL 1651655, at *2 (M.D. Ga. Jun. 7, 2006) (finding that the serving party must undertake a "thorough, good faith effort" to locate a deceased plaintiff's successor or representative); Kessler v. Se. Permanente Med. Group of N.C., P.A., 165 F.R.D. 54, 56-57 (E.D.N.C. 1995) (where defendant failed to serve administratrix of deceased plaintiff's estate, even where administratrix was decedent's wife and had actual knowledge of his death, notice of death was insufficient to trigger ninety-day limitations period); see also Barlow v. Ground, 39 F.3d 231, 234 (9th Cir. 1994) (finding that Rule 25(a) requires that a suggestion of death be served on deceased party's successor, but declining to reach the question of whether such service is required where the appropriate persons could not be ascertained at the time the suggestion of death was made).

This Court adopts this well-reasoned interpretation of Rule 25 and declines to find that the ninety-day limitations period, in this case, was triggered by the notice of death filed by Defendant VIPA. Several factors guide our decision. First, service upon Johnson's counsel was insufficient to satisfy Rule 25(a). As noted above, under agency principles, "[t]he death of an individual principal terminates the agent's actual authority," and that termination "is also effective as against a third party with whom the agent deals when the third party has notice of the principal's death." RESTATEMENT (THIRD) OF AGENCY § 3.07(2) (1996). Plaintiffs' counsel is not a party to the action and his authority to act on behalf on Johnson terminated upon Johnson's death. While counsel undertook representation of Johnson's estate subsequent to the notice being filed, he had no actual

authority, at the time of service, to move for substitution.

Second, Defendant VIPA made no showing of any efforts to identify Johnson's representative and serve him or her as a non-party.  VIPA argues that "[a]t the time VIPA filed the notice of death on February 11, 2008, VIPA had absolutely no knowledge of any successor in interest to either Jonathan or Beletha Johnson," and that Jonathan Johnson's personal representative was not appointed until June 11, 2008.  (Def. Mem. Opp. Mot. Recon. 7.)  While VIPA did not need to go to extreme lengths to locate a representative, it was, at a minimum, obligated to shoulder some of the burden of ascertaining Johnson's successor.  Nonetheless, it failed to confer with Plaintiff's counsel or anyone else to discover a possible heir upon whom service would have been acceptable. Nor did it attempt to serve Plaintiff Jonathan Johnson at his last known address.  Absent a good faith effort by VIPA, the Court cannot find that it complied with its obligations under Rule 25(a).[4]

Finally, any claim by Defendant of inordinate delay is unfounded.  The notice of death was filed on February 11, 2008.  On May 16, 2008, Defendant VIPA filed a motion to dismiss Plaintiff Johnson, which was granted by the Court on June 16, 2008.  In the interim, on June 11, 2008, the Virgin Islands Superior Court granted the Petition of Anthony Johnson to be appointed as personal representative of the estate of Jonathan Johnson.  (Pl. Mem. Supp. Mot. Recon., Ex. 1.)  Plaintiff filed a timely motion for reconsideration of this Order and, to date, only slightly more than five

---

[4] This Court declines to specifically opine on the situation where it is exceedingly difficult for the notifying party to ascertain the personal representative, notwithstanding earnest attempts to do so.  Like some of our fellow courts, however, we recognize that Rule 25(a) does not require extended, intensive searches creating an onerous burden on the suggesting defendant. See Grunberg, 2008 WL 2001253, at *1 (inability of defendants to locate successor of deceased pro se plaintiff, coupled with defendants' service of notice at plaintiff's last known correctional facility and lapse of more than six months since service relieved defendant of duty to serve notice on representative); Stanford, 2006 WL 1651655, at *2 (defendants' thorough, good faith effort to locate plaintiff's successor, which, through no fault of their own, was unsuccessful relieved defendants of further duty to serve notice on successor).

9

months has elapsed since the original filing of the notice of suggestion of death. In that time, the case has actively continued with the participation of all Defendants and the numerous other Plaintiffs. To reinstate Jonathan Johnson's estate as a plaintiff will have no unfairly detrimental effect on the resolution of this matter.

Accordingly, the Court finds a clear error in the June 16, 2008 Order, thus warranting relief under Federal Rule of Civil Procedure 59(e). Defendant VIPA's suggestion of death was never served upon Plaintiff Johnson's successor or representative and Defendant VIPA has failed to show any efforts on its behalf to comply with that obligation. Accordingly, the ninety-day period for substitution has yet to commence, thereby creating no basis for dismissal.

## IV.   CONCLUSION

In light of the foregoing, the Court grants Plaintiff's Motion for Reconsideration and vacates its June 16, 2008 Order dismissing Plaintiff Jonathan Johnson without prejudice. Further, as requested by Plaintiff, the Court substitutes Anthony Johnson as the representative of the Estate of Jonathan Johnson.